**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**Ricky Ashley,**                                                                                           **PLAINTIFF**
**ADC #099718C**

**V.**                          **CASE NO. 4:20-cv-00723-BSM-JTK**

**Dexter Payne,**
**Director, ADC**                                                                                        **DEFENDANT**

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

  1. Why the record made before the Magistrate Judge is inadequate.

  2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3. The detail of any testimony desired to be introduced at the hearing before

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court

Eastern District of Arkansas

600 West Capitol Avenue, Suite A149

Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

On June 8, 2020, Petitioner Ricky Ashley filed a § 2254 Petition for Writ of Habeas Corpus and Motion to proceed *in forma pauperis*. *Docs. 1 & 2*. This Court granted Ashley's motion to proceed *in forma pauperis*. *Doc.* 3. Ashley's sole claim in this petition is that he was allowed to enter a guilty plea to the charges of "Possession of a Firearm," "Battery First," and "Attempted Capital Murder" from criminal case 63-CR-18-578 during a bond hearing on May 16, 2018. *See* Pet'r's Br. at 2. Ashley attached a pre-trial release order dated May 16, 2018 which shows what his bond was set at in the underlying case. *See* Pet'r's Br., Exh. 1. Ashley has since filed another § 2254 Petition for Writ of Habeas Corpus that was referred to this Court. *See Ashley v. Trump,* 4:20-cv-00770-KGB-JTK (E.D. Ark. Jun. 19, 2020). Since the attached evidence in both petitions directly contradicts Ashley's claim that he pleaded guilty on May 16, 2018, this Court recommends that Ashley's petition be denied for frivolity under § 1915(e)(2)(B).

**II.    § 1915(e)(2)(B) Frivolous Actions**

The Court may dismiss an action filed *in forma pauperis* at any time if the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint which contains both factual allegations and legal conclusions "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Likewise, Rule 4 provides that the Court may *sua sponte* dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief in district court." *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts. Since the Court considers exhibits that Ashley attached to a separate habeas petition, it does not limit its analysis to "the petition and any attached exhibits." Rule 4. Therefore, the Court will proceed to analyze Ashley's claims under § 1915(e)(2)(B)(i) instead of Rule 4.

Ashley's petition lacks an arguable basis in fact because documents that he submitted in both this petition and another of his habeas petitions show that he in fact did not plead guilty on May 16, 2018. *See Neitzke*, 490 U.S. at 325. To begin, Ashley includes a copy of his pre-trial release order from District Court F-2018-1424 with this petition. *See* Pet'r's Br., Exh. 1. This order shows that his bond was set at $250,000 after the hearing on May 16, 2018 and that he was ordered to appear before the court on June 26, 2018. *See id.* On August 13, 2018, Ashley appeared *pro se* in a hearing before the Saline County Circuit Court on his criminal case, and the following exchange took place:

> "The Court: -- this battery case, a bond has been set for you.
> Mr. Ashley: Okay. Yeah, but see, and I had already pleaded guilty pleas to all of those charges.
> The Court: To the battery case?
> Mr. Ashley: Yes, sir.
> The Court: Mr. Ashley, you can't -- you can't plead guilty like that.
> Mr. Ashley: They allowed it. In Robinson's court on May the 16th, 2018, we had what I thought was going to be a bond hearing and I let my attorney go and I represented myself.

3

> And they allowed me to enter guilty pleas to all of -- and even both of these cases actually, the one that's set for jury trial.
> The Court: what did they sentence you to?
> Mr. Ashley: No. They were supposed to return my bond money --
> The Court: Wait a minute. You pled guilty to both cases in District Court. What did they sentence you to as a result of your guilty plea?
> Mr. Ashley: He said bond is set at --
> The Court: I didn't ask you your bond.
> Mr. Ashley: Well, no. He said --
> The Court: What were you sentenced to?
> Mr. Ashley: He didn't tell me a sentence.
> The Court: Well, you didn't plead guilty.
> Mr. Ashley: Well, yes, sir. She even added a charge.
> The Court: No.
> Mr. Ashley: I tell you what, she added attempted capital felony murder.
> The Court: Oh, my gosh.
> Mr. Ashley: Ms. Meagan Burns.
> …
> Mr. Ashley: Yes, sir. Well, she accepted the guilty pleas because, like I said, if she would add the charge off attempted capital felony murder as Ms. Meagan --
> Ms. Robertson: Meagan.
> Mr. Ashley: -- Meagan Burns did. I'll plead guilty here to all of them again, because like I said, I've already entered guilty pleas to all of these charges on May the 16th, 2018. And you can check the court transcripts, have them sent, if you don't believe me, sir. If you – if you get those transcripts, you'll see where I entered guilty pleas to all of this already, both cases.
> The Court: Well, I'll ask the State to investigate and report to the Court at nine o'clock on Thursday the status of both cases as a result of the proceeding in District Court on May 16th.
> Mr. Ashley: It was May 16th. Yes sir. Of 2018.
> Ms Robertson: My – I was not present at that hearing, but -- but what I'm being told is that he was saying he wanted to plead guilty, but Judge Robinson did not accept that plea at that time. One reason was that 18-578 hadn't even been filed at that point. He was just there for the bond hearing.
> …
> The Court: I'm going to give you a chance on Thursday [August 16, 2018] to plead guilty to all pending charges if that's what you want to do. That's what this order says."

*Ashley v. Trump,* Pet. for Writ of Habeas Corpus, ECF No. 2, 4:20-cv-00770-KGB-JTK, 49-53

(E.D. Ark. Jun. 19, 2020).

On August 16, 2018, Mr. Ashley returned to court and pled guilty to Possession of a

Firearm by Certain Persons in case 63CR-18-578. *See id.* at 65. The court sentenced Ashley to

one hundred and twenty days in county jail, sixty months of probation, and a one thousand dollar

4

fine. *See id.* The court included a no contact order with Billy Stephenson as part of the sentence. *See id.* at 65-67. Ashley signed the plea statement, the no contact order, and the conditions of his probation. *See id.* at 65, 66, 71. Mr. Ashley may have tried to plead guilty to the charges in 63CR-15-578 on May 16, 2018, but in fact, Mr. Ashley ended up pleading guilty on August 16, 2018. *See id.* Therefore, there is no arguable basis in fact for Mr. Ashley's sole claim in this petition that he pled guilty during a bond hearing on May 16, 2018. *See Neitzke*, 490 U.S. at 325. Mr. Ashley already attempted to rewrite history in one court with this story about pleading guilty at a bond hearing in May 2018. This Court is not inclined to let him do the same here.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner Ricky Ashley's Petition for Writ of Habeas Corpus, Doc. 2, be DISMISSED WITHOUT PREJUDICE.

2. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO RECOMMENDED this 23rd day of June, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE